Filed 5/20/25  P. v. Moore CA2/7

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B334386 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA136315) |
| v. | |
| REESE DURON MOORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Reese Duron Moore appeals from a postconviction order denying his petition for resentencing under Penal Code section 1172.6.[1]  In 2015 Moore pleaded no contest to the attempted murder of Raynard Hall and admitted he personally discharged a firearm in the commission of the offense.  In 2022 Moore filed a section 1172.6 petition for resentencing, which the superior court denied without issuing an order to show cause after finding Moore was the actual and sole shooter.

On appeal Moore contends the superior court erred because the record of conviction did not establish he was the actual killer, and the court could not rely on testimony at the preliminary hearing.  While the appeal was pending, the Supreme Court issued its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*) holding the superior court may consider preliminary hearing testimony as part of the record of conviction in determining whether a defendant is eligible for resentencing with respect to a guilty or no contest plea.  Here, the preliminary hearing testimony shows that Moore was the sole perpetrator and actual shooter, and the record contains no facts showing he could have been convicted on a now-invalid theory of imputed malice.  Following the example in *Patton*, we affirm the superior court's order but remand with directions for the court to consider an amended petition should Moore seek to file one.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Shooting, Information, and Plea*
At the preliminary hearing, Los Angeles Police Department

---

[1]    Further statutory references are to the Penal Code.

2

Detective Sharon Kim testified about a shooting that took place on December 17, 2014. At about 4:00 p.m. that day, Detective Kim responded to a call reporting a shooting on the 10100 block of Beach Street in Los Angeles. When Detective Kim arrived, she saw Reynard Hall, who had been shot numerous times. She investigated the shooting, spoke with several witnesses, and viewed video of the incident captured on cameras at the location.[2] When Detective Kim subsequently interviewed Hall at the hospital, Hall stated he had been walking on a walkway at the location when a man shot him multiple times, causing him to fall to the ground. Hall stated he had no idea who shot him, nor did he know of anyone who had a motive to shoot him. Detective Kim later determined Hall was a member of the Blue Gate Mafia gang with the moniker "Rat."

Derek Christopher testified that he was friends with Hall, whom he knew as Rat. Christopher described an incident that took place on December 31, 2014 at a housing complex on East 103rd Street near Beach Street. Christopher was outside talking on the telephone with his former girlfriend Yashika (who lived in the complex), when Moore suddenly appeared in front of him. Christopher could see Moore's face clearly from a few feet away. Moore asked, ""Where are you from?"" Before Christopher could respond, Moore began shooting at him, and Christopher turned and ran. Moore fired eight or nine shots; five bullets struck Christopher. At the time of the shooting, Moore was dating Yashika. Christopher searched social media and found a

---

[2] The video footage was not shown at the preliminary hearing and was not admitted into evidence. Detective Kim did not testify about its contents.

photograph of Moore.[3]  Christopher believed Moore was a member of the Grape Street Crips gang.

After the December 31 shooting, Hall told Christopher about the events on the evening of December 17 and that he had been shot that night.  Christopher then sent a text message to Hall with the photograph he had obtained of Moore.  Hall told Christopher, "'That's the same person that shot you, the same person that shot me. . . .  That dude shot me.'"[4]  Hall also told Christopher, "That's the guy that messed with Yashika."  Hall had also previously dated Yashika.

Los Angeles Police Officer Francis Coughlin testified as a gang expert that the Grape Street Crips gang claimed territory near the location of the shootings, and the Blue Gate Mafia was a subsidiary clique within the Grape Street Crips gang.  Based on a hypothetical scenario mirroring the facts of the shootings, Officer

---

[3]    The photograph was admitted into evidence.  Christopher identified the man in the photograph as the shooter, and he identified Moore in the courtroom.

[4]    The trial court overruled Moore's attorney's hearsay objection, stating Christopher's testimony contradicted Detective Kim's testimony that Hall did not see his shooter, and therefore the statements were admissible for impeachment.  Moore did not argue in the superior court, and does not contend on appeal, that Hall's statements to Detective Kim or Christopher were inadmissible hearsay.  We note the Supreme Court in *Patton* did not resolve the question raised by some appellate courts whether the superior court, in reviewing the preliminary hearing transcript at the prima facie review stage, may consider "'testimony that was admitted at the preliminary hearing under Proposition 115, codified as subdivision (b) of section 872.'" (*Patton, supra*, 17 Cal.5th at p. 557, fn. 2.)

4

Coughlin opined the shootings were committed for the benefit of the Grape Street Crips gang.

Moore was charged in the information with the attempted willful, deliberate, and premeditated murders of Hall and Christopher (§§ 187, subd. (a), 664; counts 1 & 2) and unlawful possession of a firearm by a felon as to both shootings (§ 29800, subd. (a)(1); counts 3 and 4). The information also alleged Moore's personal use and intentional discharge of a firearm causing great bodily injury or death (§ 12022.53, subds. (b), (c) & (d)) and gang allegations (§ 186.22, subd. (b)(1)(A) & (C)). The information further alleged as to counts 1 and 2 that Moore had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12), which offense was a serious felony under section 667, subdivision (a)(1).

On September 25, 2015 Moore pleaded no contest to the attempted murder of Hall under an amended count 1, and the trial court struck the allegation the attempted murder was committed willfully, deliberately, and with premeditation. Moore admitted he personally and intentionally discharged a firearm (a handgun) in the commission of the attempted murder (§ 12022.53, subd. (c)). Counsel stipulated to a factual basis for the plea. The court sentenced Moore to 29 years in state prison, comprising the upper term of nine years for the attempted murder and 20 years for the firearm use enhancement. The court struck the remaining counts and allegations.

B.     *Moore's Petition for Resentencing*

On October 27, 2022 Moore, representing himself, filed a form petition for resentencing under section 1172.6. Moore

5

checked a box on the form stating the information allowed the prosecution to proceed under a theory of felony murder, murder, or attempted murder under the natural and probable consequences doctrine, or another theory of imputed malice. He also checked the box that he could not be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019.

The superior court appointed counsel to represent Moore. The prosecutor filed an opposition arguing Moore had admitted to personally using a firearm and there were no other perpetrators; thus, the record of conviction showed Moore was the actual shooter and was not prosecuted based on the natural and probable consequences doctrine. The prosecutor attached the transcript of the plea hearing. Moore did not file a reply.

On September 26, 2023 the superior court denied Moore's petition without issuing an order to show cause. The court stated it had reviewed the court file and the plea transcript and found Moore was ineligible for resentencing because he was the actual shooter. The court explained, "This is not an aiding and abetting case, there were no other defendants, and he pled no contest to the charge and admitted the special allegation of personally using the weapon."[5]

---

[5] It is not clear whether the superior court considered the preliminary hearing transcript in denying Moore's petition. Moore's principal contention on appeal is that a court may not rely on preliminary hearing evidence in denying a resentencing petition at the prima facie review stage. The People likewise focus on the preliminary hearing testimony. We assume for purposes of the appeal that the superior court relied on the preliminary hearing transcript in finding "this is not an aiding

6

Moore timely appealed.

## DISCUSSION

A.   *Senate Bill No. 1437, Senate Bill No. 775,*
     *and Section 1172.6*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule.  (*Patton, supra,* 17 Cal.5th at p. 558; *People v. Curiel* (2023) 15 Cal.5th 443, 448-449; *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule as set forth in section 189, subdivision (e).  (*Patton*, at p. 558; *Curiel*, at p. 448.)

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, expanded the scope of potential relief by applying Senate Bill 1437's ameliorative changes to individuals convicted of attempted murder and voluntary manslaughter. (See § 1172.6, subd. (a).)  The legislation also extended relief to defendants convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's

---

and abetting case" and "there were no other defendants."  Even if the trial court relied only on the information and the transcript from the plea, ""we review the ruling, not the court's reasoning and, if the ruling was correct on any ground, we affirm."" (*People v. Brooks* (2017) 3 Cal.5th 1, 39.)

participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2; see *People v. Antonelli* (Apr. 24, 2025, S281599) ___ Cal.5th ___, 2025 Cal. LEXIS 2303, * 5.)

Section 1172.6 provides a procedure for an individual convicted of felony murder, or murder or attempted murder under the natural and probable consequences doctrine, to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (*People v. Curiel, supra*, 15 Cal.5th at pp. 449-450; *Strong, supra*, 13 Cal.5th at p. 708.)

If the petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the sentencing court, upon request, must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 962-963.) The court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing of entitlement to relief. (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, the sentencing court "looks beyond the face of the petition" to the record of conviction, which "'necessarily inform[s] the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*Patton, supra*, 17 Cal.5th at p. 563, quoting *People v. Lewis, supra*, 11 Cal.5th at p. 971.) "[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing

transcript preceding a guilty plea." (*Patton*, at p. 568.)  As the Supreme Court explained in *Patton*, the sentencing court may "in determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory, rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript." (*Id.* at p. 564.)  However, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a [sentencing] court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; accord, *Patton*, at p. 567 ["should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage"].)

If the petitioner makes the requisite prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the challenged conviction and resentence the petitioner on any remaining counts.  (§ 1172.6, subds. (c) & (d)(1).)

We review de novo the superior court's denial of a petition for resentencing at the prima facie review stage, including its determination that the record of conviction establishes as a matter of law that the petitioner is not entitled to resentencing. (*People v. Jackson* (2025) 110 Cal.App.5th 128, 145; accord, *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

B.    *The Superior Court Did Not Err in Denying Moore's Petition Without Issuing an Order To Show Cause*

In his appellate briefs filed before *Patton* was decided, Moore argued that nothing in the record of conviction established that Moore was the actual shooter, and any reliance by the superior court on the preliminary hearing transcript at the prima

facie review stage was inconsistent with section 1172.6. As discussed, the Supreme Court in *Patton* has now clarified that the preliminary hearing transcript is part of the record of conviction and may be considered at the prima facie review stage. (*Patton, supra*, 17 Cal.5th at p. 568.)

The evidence at the preliminary hearing showed Moore was the actual and sole perpetrator of Hall's shooting. Detective Kim testified a single perpetrator shot Hall multiple times on a walkway near Beach Street. This was based on her investigation of the scene, hospital interview of Hall, witness interviews, and review of the video surveillance footage. Although Hall did not identify his shooter to Detective Kim, after Christopher sent Hall a photograph of Moore, Hall told Christopher that Moore was the man who shot him. Hall's identification of Moore as his shooter was bolstered by Christopher's testimony that Moore shot him in December in the Beach Street area (near where Yashika lived), and both men dated Moore's girlfriend Yashika.

Except in narrow circumstances not relevant here, an actual killer is ineligible for relief under section 1172.6 as a matter of law. (See *Strong, supra*, 13 Cal.5th at p. 710 ["Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life'"]; *People v. Muhammad* (2024) 107 Cal.App.5th 268, 277, review granted Feb. 19, 2025, S288860 ["the natural and probable consequences doctrine applie[s] only to impose liability on an accomplice, on an aiding and abetting theory"]; *People v. Patton* (2023) 89 Cal.App.5th 649, 657, affd. (2025) 17 Cal.5th 549 ["[a]s the sole and actual perpetrator of the

attempted murder of Jackson, Patton is ineligible for resentencing as a matter of law"].)

As in *Patton*, Moore's resentencing petition "proffered a declaration with checkbox allegations of entitlement to relief" on the basis he had been convicted on a now-invalid theory of imputed malice. (*Patton, supra*, 17 Cal.5th at p. 556.) These "conclusory checkbox allegations alone could not create a factual dispute about whether he played a meaningfully different role" in the attempted murder of Hall. (*Id.* at p. 569.) The superior court could properly consider the preliminary hearing transcript to refute the conclusory allegations in Moore's petition and find that Moore was the actual shooter. Therefore, the court did not err in finding Moore was ineligible for relief at the prima facie review stage.

In *Patton*, as discussed, the Supreme Court "out of an abundance of caution" granted the defendant's request at oral argument for a remand to the superior court so he could plead additional facts to show a prima facie entitlement to relief under section 1172.6. (*Patton, supra*, 17 Cal.5th at pp. 569-570.) In his supplemental brief, Moore argued he is similarly situated to the *Patton* defendant and requested we direct the superior court to consider an amended petition should Moore seek to file one. We note that in *Patton*, as here, the evidence at the preliminary hearing showed the defendant was the actual shooter: In this case Hall identified Moore as the shooter; in *Patton* there was testimony that the defendant was depicted on a surveillance video firing his gun at the victim. (*Id.* at p. 557.) Given the similar fact patterns and requests, we see no reason to deny Moore's request.

11

## DISPOSITION

The superior court is directed to consider an amended petition for resentencing under section 1172.6 should Moore, within 30 days of remand, seek to file one.  The order denying Moore's petition for resentencing is otherwise affirmed.

FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.

12